UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

RONALD DUMAS,

    Plaintiff,

    v.

NEW UNITED MOTOR MANUFACTURING INC., and DOES 1-20,

    Defendant.

_____/

No. C 05-4702 PJH

**ORDER GRANTING IN PART AND DEFERRING IN PART DEFENDANT'S MOTION FOR ATTORNEYS' FEES**

Now before the court is defendant New United Motor Manufacturing Inc.'s ("NUMMI" or "defendant") motion for attorneys' fees. Having carefully reviewed the parties' papers and considered their arguments and the relevant legal authority, and good cause appearing, the court hereby GRANTS in part and DEFERS in part the defendant's motion for the following reasons.

**BACKGROUND**

This is an employment discrimination case. Plaintiff was employed by defendant from 1988 until 2003 when he was involuntarily terminated. See Amended Complaint ¶ 6-7. He was reinstated in 2004 as part of the resolution of a union grievance and a labor complaint filed by plaintiff. Plaintiff alleged in his district court complaint that his termination was the result of discrimination and retaliation (for filing a grievance with the Union and a complaint with the Department of Labor ("DOL")). Specifically, he alleged causes of action for: 1) race discrimination in violation of the Fair Employment and Housing Act ("FEHA"), Cal. Govt. Code § 12900, et seq., 2) wrongful termination in violation of public policy, 3) breach of the covenant of good faith and fair dealing, 4) intentional infliction of emotional distress, 5) negligent infliction of emotional distress, 6) unfair business practices in

violation of Cal. Bus. & Prof. Code § 17200, 7) retaliation in violation of FEHA, and 8) retaliation in violation of the California Family Rights Act ("CFRA"), Cal. Govt. Code § 12945, et seq. See Amended Complaint ¶¶ 27-68.

The court granted defendant's motion for summary judgment on April 24, 2007, granting summary judgment on all of plaintiff's claims. In granting the defendant's motion, the court made numerous factual findings and observations. In particular, the court noted that plaintiff filed a very "skimpy" opposition brief, only devoting two pages to opposing defendant's arguments on the merits. Plaintiff also failed to submit any evidence in opposition to summary judgment: he only provided one inadmissible declaration, which had nothing to do with the defendant's treatment of plaintiff.

Defendant now moves for attorneys' fees. Defendant claims that plaintiff caused it to incur attorneys' fees in the amount of $99,635.50 in defending against his frivolous claims. Defendant also estimates that it has incurred approximately $5,800 more in fees for preparation of the motion for attorneys' fees. Defendant argues that it is entitled to reimbursement for reasonable fees incurred on the basis that plaintiff's action was "frivolous, unreasonable, or without foundation." Plaintiff filed a notice of appeal after defendant filed the instant motion.

**DISCUSSION**

**A.   Legal Standards**

"Inasmuch as the Court has pendent jurisdiction over plaintiff's claim under the Act, state substantive law governs the merits of that claim." Ackerman v. Western Electric Co., 643 F. Supp. 836, 857 (N.D. Cal. 1986). The FEHA provides that a court may, in its discretion, award reasonable attorneys' fees to the prevailing party. Cal. Govt. Code § 12965(b). A prevailing party is one who has received "at least some relief on the merits of his claim" and thus can be said to have "obtained the substance of what he sought." Hewitt v. Helms, 482 U.S. 755, 760-61 (1987).

Under both FEHA and Title VII of the Civil Rights Act of 1964, a successful

2

1 defendant is entitled to attorneys' fees "upon a finding that the plaintiff's action was
2 frivolous, unreasonable, or without foundation, even though not brought in subjective bad
3 faith." Christianburg Garment Co. v. EEOC, 434 U.S. 412, 420-22 (1978); Bond v. Pulsar
4 Video Prods., 50 Cal. App. 4th 918, 921-22 (1996) ("California courts have adopted the
5 methods and principles developed by federal courts in employment discrimination claims
6 arising under the federal Civil Rights Act").

7     In determining an appropriate fee under both California and federal law, the court
8 begins by calculating the lodestar, or, "the number of hours reasonably expended on the
9 litigation multiplied by a reasonable hourly rate." Hensley v. Eckerhart, 461 U.S. 424, 433
10 (1980); see also Ackerman, 643 F. Supp. at 860. The party seeking attorneys' fees bears
11 the burden of producing evidence supporting the hours worked and a reasonable rate; the
12 district court may reduce the award accordingly if insufficient evidence is produced. Id.
13 The district court may also exclude compensation for time that was "not reasonably
14 expended" in the case. Id. at 434 (court may deny compensation for "hours that are
15 excessive, redundant, or otherwise unnecessary").

16     Once this base fee has been established, the court in its discretion may also
17 increase or decrease the fee by a multiplier, in light of various factors. Hensley, 461 U.S.
18 at 434. Under California law, courts consider the factors including: (1) the novelty and
19 difficulty of the questions involved; and the skill displayed in presenting them; (2) the extent
20 to which the nature of the litigation precluded other employment by the attorneys; (3) the
21 contingent nature of the fee award, both from the point of view of eventual victory on the
22 merits and the point of view of establishing eligibility for an award. See Ackerman, 643 F.
23 Supp. at 860-61 (citing Serrano v. Priest, 20 Cal. 3d 25 (1977)). The court may not base
24 any multiplier granted on factors already taken into account when calculating the lodestar.
25 Blum v. Stenson, 465 U.S. 886, 898-901 (1984).

26     Finally, district courts are to consider the financial resources of the plaintiff in
27 awarding fees to a prevailing defendant. See Miller v. Los Angeles County Bd. of Educ.,
28

3

827 F.2d 617, 621 (9th Cir. 1987).

**B.     Defendant's Motion**

Preliminarily, the court notes that while plaintiff filed a notice of appeal after defendant moved for attorneys' fees, the court has jurisdiction to resolve defendant's motion. See Tancredi v. Metro. Life Ins. Co., 378 F.3d 220, 225 (2d Cir. 2004) (citations omitted) ("[N]otwithstanding a pending appeal, a district court retains residual jurisdiction over collateral matters, including claims for attorneys' fees."); Masalosalo v. Stonewall Ins. Co., 718 F.2d 955, 957 (9th Cir. 1983) ("The district court retained the power to award attorneys' fees after the notice of appeal from the decision on the merits had been filed."); 1993 Advisory Committee notes to FRCP 54(d) ("if an appeal on the merits of the case is taken, the [district] court may rule on the claim for fees, may defer its ruling on the motion, or may deny the motion without prejudice, directing under subdivision (d)(2)(B) a new period for filing after the appeal has been resolved."). The court, therefore, will address the merits of the motion.

**1.     Plaintiff's Briefing**

Defendant missed the filing deadline for its motion by one day and appropriately moved under the local rules for a one-day extension of time. Plaintiff did not oppose the motion and the extension was granted. Defendant's motion was noticed for hearing on June 27, 2007. Accordingly, plaintiff's opposition was due on June 6, 2007 pursuant to Local Rule 7-3. Plaintiff did not oppose the motion by that date, and in fact did not file an opposition until June 18, 2007– almost two weeks after his opposition brief was due and several days after court staff telephoned plaintiff's counsel to inquire if an opposition would be filed and whether the hearing should be vacated. No declaration establishing good cause for the delay in filing was filed; indeed, plaintiff's counsel did not provide so much as an explanation for the delay. The court therefore has grounds for striking the untimely opposition. However, because of the impact that this order is likely to have on plaintiff personally, the court elects to consider the opposition, such as it is, rather than permit,

4

what appears to be plaintiff's counsel's oversight, to have any more detrimental effect on plaintiff than it already has.

The untimely and once again "skimpy" opposition brief is illustrative of how this case has been litigated. Plaintiff's counsel made little effort to engage in discovery, no admissible evidence in opposition to summary judgment was submitted, not even plaintiff's own declaration, and the instant motion for roughly $100,000.00 in attorneys' fees would have been unopposed had court staff not called plaintiff's counsel to inquire about the missed deadline. And significantly, the untimely opposition fails to address whether the amount of requested fees is reasonable or whether the amount should be reduced based on plaintiff's financial ability to pay.

Plaintiff essentially makes two arguments in his opposition brief. First, plaintiff argues that defendant's motion should be denied because he intends to request a stay of judgment pending appeal under Federal Rule of Civil Procedure ("FRCP") 62(d). Plaintiff, however, has not moved for a stay and has not posted a supersedeas bond to obtain a stay. Nor has plaintiff explained how a stay of proceedings to enforce a judgment relates to the propriety of the court deciding a motion for attorneys' fees after judgment has been entered. This argument provides no basis for denying defendant's motion.

Plaintiff's second argument is that his case was not frivolous, unreasonable, or groundless, essentially rearguing the merits of defendant's motion for summary judgment. He notes, for example, that his complaint alleged that his supervisors were motivated by racial animus, and that he was antagonized by his supervisor after he filed a complaint with the NLRB. Allegations without evidence are simply not enough here, just as they were insufficient to avoid summary judgment. Neither this motion nor the summary judgment motion challenged the adequacy of the pleadings. Defendant has not argued that plaintiff failed to state a claim. Rather defendant argued and the court found that plaintiff has no evidence to support his well-pleaded allegations. Plaintiff has not submitted any new evidence on this motion that might merit reconsideration of the court's prior determination.

5

### 2. Award of Fees

A plaintiff may be ordered to pay his opponent's attorney's fees if a court finds that his claim was "frivolous, unreasonable, or groundless, or that the plaintiff continued to litigate after it clearly became so." Cummings v. Benco Building Services, 11 Cal. App. 4th 1383, 1388 (1992) (quoting Christianburg). Such fees may be awarded if the plaintiff's conduct was egregious or if his or her case was patently baseless for objective reasons. Cummings, 11 Cal. App. 4th at 1389-90; see also Bond, 50 Cal. App. 4th at 924 (award of fees proper where there was no evidence of discrimination and no evidence that plaintiff "should have believed he was being discriminated against").

Here, defendant argues that plaintiff's claims were frivolous and groundless. Although plaintiff argues that they were not, he has not in his opposition to defendant's motion for summary judgment or in his opposition to the instant motion, pointed to one shred of evidence that supports any of his claims. It is, therefore, impossible for the court to find that plaintiff's claims were not baseless in light of his utter failure to provide any evidence to support such a finding. This finding that his complaint was groundless may very well have been avoided had plaintiff submitted *any* evidence bearing on his claims, such as a declaration by a witness to any of the events he described or even his own declaration. In the absence of evidence, however, the court, has no alternative but to conclude that his claims were groundless.

The following review of plaintiff's opposition to the summary judgment motion supports this conclusion. The complaint contained eight claims: wrongful termination, breach of the covenant of good faith, retaliation in violation of the CFRA, unfair business practices, race discrimination in violation of FEHA, retaliation in violation of FEHA, and both negligent and intentional infliction of emotional distress. It also contained a prayer for punitive damages.

Plaintiff did not oppose or even mention the wrongful termination, breach of covenant, CFRA retaliation, unfair business practices, negligent and intentional infliction of

6

emotional distress claims in his opposition to defendant's motion for summary judgment. Nor did he oppose the FEHA retaliation claim, though he did mention that defendant's argument that the first three claims were barred, did not affect the viability of the FEHA retaliation and discrimination claims. He did not oppose or even mention the prayer for punitive damages. In sum, plaintiff failed to oppose, failed to mention in his opposition brief, and failed to submit *any* evidence on *any* of these claims, yet argues here that these claims were not groundless. The only claim for which plaintiff submitted substantive argument was the FEHA discrimination claim. He devoted a whole 14 lines of his opposition brief to this claim.

With respect to this claim, a prima facie case of race discrimination requires that the employee demonstrate that: (1) he is a member of a protected class; (2) he was performing according to his employer's legitimate expectations; (3) he suffered an adverse employment action; and (4) other employees with similar qualifications were treated more favorably. The court found that plaintiff failed to establish a prima facie case, as he did not demonstrate that other non-African American employees with similar qualifications were treated more favorably. Neither plaintiff's complaint nor his opposition to summary judgment identified any evidence demonstrating that other employees not in his protected class but with similar qualifications were treated differently. See 4/24/07 Order. In opposition to this motion, plaintiff did not submit any evidence showing he had any basis to believe that employees with similar qualifications were treated more favorably. It is unclear whether plaintiff's counsel *even tried* to discover facts about how other employees with similar qualifications were treated. The court can only conclude that such evidence does not exist. Why else would it not have been submitted for the court's consideration? On this record, the court can only conclude that all of plaintiff's claims were groundless.

### 3. Reasonableness of Fees

As noted above, plaintiff does not challenge the number of hours billed or the hourly billing rates of defendant's counsel, nor does he argue that the amount of fees claimed by

7

defendant are unreasonable. The absence of such a challenge is unusual particularly in light of the amount of fees sought. The court has reviewed defendant's evidence in support of its application and it appears that the number of hours expended on the litigation are reasonable and the hourly rates are reasonable. The court finds that the requested fees are therefore reasonable. See Hensley, 461 U.S. at 433.

More troubling, however, is the absence of any attempt by plaintiff to put before the court information from which the court could ascertain his financial resources, a factor the court should consider in awarding fees to a prevailing defendant. See Miller, 827 F.2d at 621. Whether this omission is the result of plaintiff's counsel's lack of knowledge, oversight or indifference, the court is reluctant to make an award without giving plaintiff another opportunity to establish his ability or inability to pay the fees incurred. Accordingly, while the court finds that plaintiff's complaint was groundless and that defendant is therefore entitled to an award of attorneys' fees, the court defers setting the amount of the award pending further consideration as described below.

## CONCLUSION

For the reasons stated above, the court GRANTS defendant's motion for attorneys' fees insofar as it finds that an award of attorneys' fees is warranted. In order to determine the amount of attorneys' fees to be awarded to defendant, plaintiff shall have ten (10) days from the date of this order to provide evidence (i.e., a properly authenticated declaration) regarding plaintiff's financial resources to assist the court in determining the amount of attorneys' fees to award to defendant. Defendant may respond within five (5) days. The record will then close, the court will decide the issue on the papers, and an order setting the amount and time for payment will issue thereafter. It is further ordered that plaintiff's counsel shall immediately provide a copy of this order and the court's summary judgment order to the plaintiff, and certify that he has done so at the same time that the anticipated declaration is filed.

///

8

1   **IT IS SO ORDERED**.

2   Dated: June 29, 2007

_____
PHYLLIS J. HAMILTON
United States District Court

9